FILED
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Mack, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 08 0310 |
| John Roberts *et al.*, | ) |
|     Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed on most of the enumerated grounds set forth at 28 U.S.C. § 1915(e)(2) (requiring dismissal upon a determination that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from an immune defendant).

Plaintiff is a resident of Wild Rose, Wisconsin. He sues several district judges of this Court and a former judge and current judges of the District of Columbia Circuit for ruling against him. He charges them under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*, with such unfounded misdeeds as usurping authority, conspiring with the clerk to obstruct justice, and concealing information. Because plaintiff's allegations concern acts defendants performed in their official capacity, the claims are properly considered to be against the United States. But Congress has not waived the United States' immunity with respect to RICO claims. *See Norris v. Department of Defense*, 1997 WL 362495 (D.C. Cir. 1997) (finding claim for treble damages under the RICO Act "barred by the doctrine of sovereign immunity"); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express

waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases). Thus, plaintiff has failed to state a claim upon which relief may be granted.

To the extent that plaintiff is suing the judges in their individual capacities, the complaint is dismissed for two reasons. First, judges are absolutely immune from lawsuits predicated on acts taken in their judicial capacity. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Second, plaintiff's allegations present the type of fantastic or delusional scenarios found to justify immediate dismissal of a complaint as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). A separate Order accompanies this Memorandum Opinion.

Date: February 12, 2008

_____
United States District Judge